IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN KENNETH TOLES,

Plaintiff,

v.

TY MUELLER, JOSHUA REESE, JACLYN MADER, OFFICER AUSTIN-JOHNSON, OFFICER DIX, OFFICER KINSELLA, OFFICER KRESS, OFFICER LEMERY, OFFICER WAGNER, OFFICER HOLLINGER, OFFICER WOLLNER, SERGEANT CARRASCO, and CITY OF JANESVILLE,

Defendants.

ORDER

26-cv-335-jdp

---

Plaintiff John Kenneth Toles, proceeding without counsel, is suing the City of Janesville and a dozen police officers for violating his rights during five interactions over the span of more than a year. I dismissed the complaint for failure to state a claim but gave Toles an opportunity to file an amended complaint. Dkt. 8. In response, Toles has filed five documents containing new allegations, more than two dozen attachments, and flash drives containing video recordings and numerous electronic exhibits. Dkts. 9–15.

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and to identify the relief sought. This rule is violated when the allegations are strewn across multiple documents and dozens of exhibits. It would be virtually impossible for the court to screen such a disorganized presentation or for the defendants to file an answer. "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798-02 (7th Cir. 2011).

So the complaint and all supplements are DISMISSED without prejudice for failure to provide fair notice. Toles may have until December 4, 2026, to file an amended complaint that includes all of the allegations that he wishes to assert in this case, numbers each paragraph, and otherwise complies with Rule 8. The factual support for Toles's claims should be contained in the complaint itself. Toles is free to summarize exhibits or other documents in the complaint, but the court will not comb through exhibits to determine whether something in an exhibit might support one or more of Toles's claims.

If Toles does not respond by December 4, 2026, or if his amended complaint does not comply with Rule 8, I will dismiss the case for failure to state a claim and direct the clerk of court to enter judgment.

Entered November 20, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge